People v Bezghoud (2019 NY Slip Op 03269)





People v Bezghoud


2019 NY Slip Op 03269


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9109 1920/17

[*1]The People of the State of New York, Respondent,
v
Mohammed Bezghoud, Defendant-Appellant.


Edelstein & Grossman, New York (Jonathan Edelstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered March 2, 2018, convicting defendant, after a jury trial, of sexual abuse in the first degree and forcible touching, and sentencing him to an aggregate term of 60 days and 5 years' probation, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The jury could have reasonably found that after the victim revoked any consent to sexual activity, defendant's body contact with the victim constituted the use of force to restrain her, and was not merely incidental to ordinary sexual behavior (see e.g. People v Simmons, 278 AD2d 29 [1st Dept 2000], lv denied 96 NY2d 787 [2001]).
The court's charge on first-degree sexual abuse, viewed as a whole, conveyed the proper standard (see People v Medina, 18 NY3d 98, 104 [2011]). The court expressly instructed the jury that forcible compulsion was an essential element of the crime, and the jury could not have been misled to believe that lack of consent under a theory other than force would suffice.
The court properly denied defendant's motion to suppress identification evidence. The People satisfied their burden of establishing that the victim's identification of defendant was confirmatory (see People v Rodriguez, 79 NY2d 445 [1992]). In any event, there is no basis for reversal because at trial defendant did not dispute the element of identity, relying instead on claims of consent and absence of force.
The court providently exercised its discretion in precluding certain evidence offered by defendant under a state of mind theory, because its probative value was minimal and it was cumulative to other evidence (see generally People v Primo, 96
NY2d 351, 355 [2001]). In any event, any error in this regard was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK